IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAFAYETTE DEANDRE VAN,

      Petitioner,

v.

MATTHEW MARSKE,

      Respondent.

OPINION AND ORDER

Case No. 19-cv-1060-wmc

---

Petitioner Lafayette D. Van is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Before the court for preliminary review is Van's petition for a writ of habeas corpus under 28 U.S.C. § 2241. On March 27, 2007, Van was charged in the District of Minnesota with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(c). *United States v. Van*, No. 07-102-MJD (D. Minn.). He pleaded not guilty to the charge, and at trial the parties stipulated that Van had a prior felony conviction. On August 15, 2007, after a three-day trial, a jury convicted him of the charge, and on December 4, 2007, he was sentenced to a term of 213 months' confinement. Van appealed, and the Court of Appeals for the Eighth Circuit affirmed his conviction on October 3, 2008. *United States v. Van*, No. 07-3812 (8th Cir. Oct. 3, 2008).

In his petition before this court, Van seeks relief under *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019), in which the Supreme Court held that the government must prove that the defendant knows he belongs to a group covered under the statute barring possessions of firearms to sustain a conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This case is now before the court for a preliminary review of the petition pursuant to Rule 4 of the Rules

Governing Section 2254 Cases, which applies to petitions brought under § 2241.  Rule 4 requires the dismissal of a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  For the reasons that follow briefly, the court will deny Van's petition since it is plain that he is not entitled to relief under *Rehaif*.

OPINION

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district where he was convicted. *Unthank v. Jett*, 549 F.3d 534, 534-35 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  A prisoner in petitioner's situation who has already filed a § 2255 motion also faces a second hurdle, allowing pursuit of relief under § 2241 only if he can satisfy the mandates of § 2255's so-called "savings clause" under 28 U.S.C. § 2255(e).  To invoke the savings clause, a prisoner must show three things:  (1) he is relying on a new statutory-interpretation case, rather than a constitutional case; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted); *see also Light v. Caraway*, 761 F.3d 809, 812-13 (7th Cir. 2014); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *United States v. Prevatte*, 300 F.3d 792, 799-800 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998).

As this court has previously held in similar *Rehaif*-based claims, Van's petition satisfies the first element, since *Rehaif* involved a statutory interpretation.  There also remains a legitimate question as to whether *Rehaif* is retroactive.  On the one hand, the Court of Appeals for the Eleventh Circuit concluded that *Rehaif* is not retroactive, and post-conviction relief

2

under 28 U.S.C. § 2255 is not available.  *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements of 18 U.S.C. §§ 922(g), 924(a)(2)).  On the other hand, no other court of appeals, including the Seventh Circuit, has reached any conclusion on this specific question, and respondent has suggested in another case in this district court that claims under *Rehaif should* be brought under § 2241.  *See Boose v. Marske*, No. 17-cv-303-jdp, 2019 WL 4393077, at *2 (W.D. Wis. Sept. 13, 2019).

However, this uncertainty is of no moment.  Van cannot show he suffered a miscarriage of justice since there is no reason to infer that the government could not have met its burden of proof, even after *Rehaif*.  In *Rehaif*, the Supreme Court specifically held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

139 S. Ct. at 2200.  Applying that statutory interpretation to Van's case, the government's burden includes proving beyond a reasonable doubt that Van knew, at the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."  § 922(g)(1).

Van does not contend that at the time charged, he was unaware of his felony status as defined by § 922(g)(1); instead, he argues that he was "unaware that he could be charged [with] a gun offense by the Federal Government" and he was "never told he could not possess firearms."  (Dkt. #1, at 4.)  Yet even assuming both of Van's assertions are true, that does not suggest that the government could not meet its burden of proof as to his knowledge that he had been convicted of a felony punishable by more than one year of confinement, which is all

3

that is required under § 922(g)(1).  Nor does the record before the district court begin to suggest that the government would have *any* difficulty proving this, given Van's stipulation as to the felony charge and his clear knowledge of his prior convictions, for which he was sentenced to multiple years' incarceration.  In particular, at his sentencing before the District of Minnesota, the court deemed Van subject to the 15-year enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2), finding Van had been convicted of three or more crimes constituting either a violent felony or serious drug offense.  Specifically, Van had been convicted of robbery and three drug convictions, and in Van's objections to the presentence investigation report, he specifically conceded that he had been sentenced to 68 months' imprisonment on drug charges and a racketeering charge, and although initially sentenced to probation on a simple robbery charge, his probation was revoked and he was sentenced to 23 months of imprisonment.  *Van*, No. 07-102, dkt. #65, at 2-3.  Given Van's clear knowledge of his prior felonies and time spent incarcerated, there is *no* plausible basis for the court to conclude a miscarriage of justice occurred.  *E.g., United States v. Maez*, 960 F.3d 949, 968 (7th Cir. 2020) (PSR that showed multiple prior felony convictions and that defendants served more than one year in prison underscored defendant's knowledge that he knew he was a felon when he possessed a firearm, which was sufficient for the government to meet its burden); *see also United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020) (defendant who served more than a year in prison for a prior offense would face an uphill battle to show that a *Rehaif* error affected his substantial rights).  Accordingly, *Rehaif* provides Van no basis for relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when

entering a final order adverse to a petitioner.  The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Since Van has failed to make a plausible argument that he was unaware that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED THAT:

1.  Petitioner Lafayette Deandre Van's petition under 28 U.S.C. § 2241 is DENIED.

2.  No certificate of appealability will issue.

    Entered this 9th day of February, 2022.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge